Bell v. East St. Louis and Suburban Ry. Co., 188 Ill. App. 350.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 415*—*when covenant in lease binding on assignees.* Where a covenant between lessor and lessee relates to a thing not *in esse* but which is yet to be done upon the land tending to enhance its value or to render its enjoyment more beneficial to the owner or occupant, the assignees if named are also bound.

2. COVENANTS, § 19*—*when covenant in oil and gas lease runs with the land.* A covenant in an oil and gas lease providing for the payment of a certain sum to the lessor in case the first oil well is a paying well, *held* to be a covenant running with the land and binding upon the assignees of the lessee where they proceeded under the lease, drilled the well and made a part payment to the lessor according to the terms of the lease.

3. LANDLORD AND TENANT, § 67*—*what constitutes "paying well" within meaning of oil and gas lease.* Under a covenant in an oil and gas lease to pay a certain sum in case a well drilled by the lessee is a paying well, *held* that the cost of equipment and drilling of the well was not to be taken into consideration in determining whether it was a paying well.

4. PARTNERSHIP, § 30*—*when persons liable as partners.* Assignees taking an assignment of an oil and gas lease from the lessee and drilling an oil well pursuant to the terms of the lease under the name of an oil company, *held*, liable to the lessor on the covenants in the lease as partners regardless of any arrangement between them as a partnership.

---

## Mary E. Bell, Administratrix, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed July 28, 1914.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Mary E. Bell, administratrix of the estate of John Bell, deceased, against East St. Louis & Suburban Railway Company to recover damages for the death of plaintiff's intestate resulting from one of defendant's cars colliding with a team and wagon which the deceased was driving on a street occupied by defendant's tracks in Collinsville, Illinois.

From a judgment entered on a verdict in favor of plaintiff for fifty-two hundred and fifty dollars defendant appeals.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

CHARLES H. BURTON and TRAUTMANN, FLANNIGEN, BAXTER & HAMLIN, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

## Abstract of the Decision.

STREET RAILROADS, § 131*—*when recovery for death of driver of wagon in collision with car not sustained by the evidence.* In an action against a suburban railway company to recover for the death of plaintiff's intestate caused by one of defendant's cars colliding with a team and wagon which the deceased was driving in a street occupied by the tracks of the defendant, *held* that a verdict for plaintiff could not be sustained, there being uncontradicted evidence showing that deceased was driving in the same direction the car was going and that he attempted to cross the track within one hundred feet of the approaching car, and it also appearing that the team and front wheel of the wagon was struck instead of the rear of the wagon, and that the car was stopped within eight to fifteen feet after the accident.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.